IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

OAK RIVER HOLDINGS, LLC,

       Plaintiff,

v.                                                                          Case No.  3:23-cv-00763

7-ELEVEN, INC.

       Defendant.

## COMPLAINT

1. Plaintiff asks the Court to declare the rights and other legal relations between the parties regarding a commercial real estate lease and related matters, pursuant to *28 U.S.C. § 2201*, as well as further necessary or proper relief based on the Court's declaratory judgment or decree, pursuant to *28 U.S.C. § 2202*.

2. This Court has original jurisdiction to hear this action, pursuant to *28 U.S.C. § 1332*, because:

    A.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

    B. This case is between citizens of different States because:

        i. Plaintiff Oak River Holdings, LLC (Oak River) is a limited liability company organized in the State of West Virginia whose sole member is a citizen and resident of the State of West Virginia.

        ii. According to the online records in the Office of the West Virginia Secretary of State, Defendant 7-Eleven, Inc. (7-Eleven) is a foreign corporation whose principal office is located at 3200 Hackberry Road, Irving, Texas. It is therefore reasonably believed and asserted that Defendant was not incorporated in the State of West Virginia.

3. Venue is proper with this division of the District Court, pursuant to *28 U.S.C. § 1391(b)(2)*, because the real estate subject to the lease at issue is situated in

Huntington, Cabell County, West Virginia.

4. Oak River is the owner of a parcel of property with a building thereon located at 1434 Third Avenue, Huntington, West Virginia (the Property).

5. The Property has for a number of years been occupied by and operated as a gas station and convenience store in a two-story building located on the Property.

6. Oak River acquired the Property from C2C Realty, LLC by deed dated April 14, 2015.

7. By a Lease dated July 10, 2009, C2C Realty, LLC leased the Property (excepting the 2nd story apartment) to Prima Marketing, LLC (Prima) for a term of twenty-five years terminating on August 31, 2024 (the Lease)(Exhibit A).

8. By an Assignment of Lease dated September 13, 2012, Prima assigned the Lease to 7-Eleven.

9. Sometime in the year 2019 or 2020, 7-Eleven discontinued operating the gas station and convenience store located on the Property and shuttered its business operations thereon.

10. After discontinuing its operations on the Property, 7-Eleven continued to pay rent, make other payments and otherwise honor its obligations stated in the Lease.

11. Sometime during the year 2020, contractors engaged by 7-Eleven came onto the Property and removed the underground gasoline storage tanks, lines and piping, compressors, fuel dispensers and the canopy covering them (collectively "the gas pumps").

12. 7-Eleven did not receive approval from Oak River to remove the gas pumps and no one explained to Oak River the reason the gas pumps were removed.

13. The gas pumps were located on the Property when C2C acquired the Property in 2009.

14. The gas pumps were specifically described and made of part of the Leased Premises leased to Prima and 7-Eleven.

15. The gas pumps were not trade fixtures owned by, nor installed by, Prima or 7-Eleven.

16. At the time of their removal, the gas pumps were the property of Oak River.

17. Paragraph 4 of the Lease permits 7-Eleven to make alterations and additions to the Property, such as removing the gas pumps for purposes of replacing them.

18. Paragraph 5 of the Lease requires 7-Eleven to keep and maintain the Leased Premises during the term of the Lease.

19. Paragraph 16 of the Lease requires 7-Eleven to surrender and yield up the Leased Premises in good order and repair, ordinary wear and tear excepted.

20. Oak River has asked 7-Eleven to provide a time frame for reinstalling or replacing the gas pumps on the Property.

21. 7-Eleven has not acknowledged that it is obligated to reinstall or replace the gas pumps.

22. Considering that the Lease is scheduled to expire on August 31, 2024, and anticipating that 7-Eleven will not exercise its option to renew the Lease, then Oak

River is starting the process of marketing the Property to prospective tenants.

23. Oak River presently and in the near future intends to market the Property to prospective tenants as a gas station and convenience store. Reinstallation or replacement of the gas pumps on the Property is necessary for this intended future use of the Property.

24. Before instituting this action, Oak River's counsel delivered a letter dated October 12, 2023, addressed to 7-Eleven's legal department and corporate real estate division, outlining the foregoing facts, advising that 7-Eleven has a responsibility to reinstall or replace the gas pumps, and inviting 7-Eleven to assure Oak River that the gas pumps would be reinstalled or replaced. (Exhibit B)

25. Receiving no response from 7-Eleven to the letter dated October 12, 2023, Oak River's counsel delivered a second letter dated November 17, 2023, addressed to 7-Eleven's legal department and corporate real estate division, as well as to its corporate address and agent for service of process, declaring a default of the Lease and providing 7-Eleven an opportunity to reinstall or replace the gas pumps. (Exhibit C)

26. By letter dated November 21, 2023, 7-Eleven's counsel responded to Oak River's two letters by disputing that 7-Eleven is in default of the lease. (Exhibit D)

27. Based upon 7-Eleven's response dated November 21, 2023, Oak River believes reasonably that 7-Eleven does not presently intend to, and will not voluntarily, honor its contractual obligation to reinstall or replace the gas pumps before the Lease expires on August 31, 2024.

28. Oak River has presently suffered an injury-in-fact, that being the loss

of its gas pumps located on its Property.

29. 7-Eleven committed a present default of the Lease by making alterations to the Leased Premises, specifically removing the gas pumps, without first receiving Oak River's consent.

30. The gas pumps not being reinstalled or replaced before August 31, 2024, will cause Oak River to suffer further damages.

31. Oak River seeks to remedy and cure its present injury-in-fact, and to avoid incurring future damages, by asking the Court to determine and declare that 7-Eleven is required to reinstall or replace the gas pumps on the Property, and then an order and directing 7-Eleven to do so.

WHEREFORE, Plaintiff Oak River Holdings, LLC, asks this Court to exercise its equity jurisdiction and award contractual damages by finding and declaring:

A. The Lease is currently in full force and effect;

B. Oak River has not breached any term of the Lease;

C. 7-Eleven has an obligation to maintain and surrender the Leased Premises in good order at the expiration of the Lease;

D. the gas pumps are part of the Leased Premises;

E. 7-Eleven is obligated to reinstall or replace the gas pumps prior to the expiration of the Lease;

Thereafter, Oak River requests the Court:

F. direct 7-Eleven to reinstall or replace the gas pumps before the Lease expires;

G. award Oak River its costs, expenses and attorney fees in pursing this matter; and

H. such other and further relief as the Court deems just.

Plaintiff demands a trial by jury on all issues or matters of fact.

*/s/ J. William St Clair*
J. William St Clair (5210)
P.O. Box 592
Huntington, West Virginia 25710
304.634.7272
jwilliamstclair@gmail.com
*Counsel for Plaintiff*