IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OAK RIVER HOLDINGS, LLC,

        Plaintiff,

v.                                                   CIVIL ACTION NO. 3:23-0763

7-ELEVEN, INC.,

        Defendant.

## ORDER

Before the Court is Defendant 7-Eleven, Inc's Motion to Dismiss Plaintiff's Waste and Intentional Tort Claim. *See* ECF Nos. 35, 36. For the reasons set forth below, the Court **GRANTS** the Motion.

## BACKGROUND

Oak River Holdings, LLC owns a parcel of land at 1434 Third Avenue, Huntington, West Virginia. *See* Second Am. Compl. ¶ 5, ECF No. 34. In 2012, 7-Eleven, Inc. started to lease the parcel to operate a gas station. *See id.* ¶ 10. At some point, 7-Eleven, Inc. "shuttered its business operations." *Id.* ¶ 14. While shutting down, 7-Eleven removed the parcel's underground gasoline storage tanks, lines, piping, compressors, and fuel dispensers. *See id.* ¶¶ 12-16. 7-Eleven did not receive approval from Oak River before removing this infrastructure. *See id.* ¶ 17.

Oak River requested 7-Eleven return the removed infrastructure—twice. *See id.* ¶¶ 23-24. 7-Eleven refused. *See id.* ¶ 25. Oak River sued. Oak River alleges 7-Eleven's removal of the parcel's underground gas infrastructure is a material breach of the parties' lease agreement. *See id.* ¶¶ 56-61. In addition to the breach of the lease, Oak River brought tort claims asserting that

7-Eleven "negligently committed commissive waste by voluntarily removing the gas pumps and other equipment from the Property, and not reinstalling the gas pumps and equipment prior to the expiration of the Lease" and "intentionally, deliberately, willfully and/or recklessly removed and carried away the gas pumps and otherwise wasted the Property." *Id.* ¶¶ 64, 70. 7-Eleven did not reinstall the gas pumps before its lease ended on August 31, 2024. *Id.* ¶ 27.

The Court previously denied without prejudice 7-Eleven's motion to dismiss Oak River's request for specific performance. ECF No. 25. Now, 7-Eleven moves to dismiss Oak River's tort claims pursuant to West Virginia's gist of the action doctrine. *See* ECF Nos. 35, 36. 7-Eleven argues that Oak River "solely relies on 7-Eleven's alleged contractual duties to support its 'Intentional Tort' and 'Waste' claims, including Paragraph 4 of the Lease, which requires Landlord to consent to alterations to the Property." Def.'s Mem. at 3, ECF No. 36.

### STANDARD

A motion to dismiss tests the formal sufficiency of the plaintiff's complaint. *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**DISCUSSION**

The gist of the action doctrine seeks "to prevent the recasting of a contract claim as a tort claim." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013). "Succinctly stated, whether a tort claim can coexist with a contract claim is determined by examining whether the parties' obligations are defined by the terms of the contract." *Id.* The doctrine bars recovery in tort when any of the following factors is demonstrated:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Id.* (quoting *Star v. Rosenthal*, 884 F.Supp.2d 319, 328-29 (E.D. Pa. 2012)). "The 'gist of the action' doctrine requires plaintiffs seeking relief in tort to identify a non-contractual duty breached by the alleged tortfeasor." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 980 (4th Cir. 2015). "In other words, tort claims can co-exist alongside contract claims only where the defendant breached 'some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere . . . contract[ual] obligation.'" *176 Ragland EAT, LLC v. DDP Roofing Servs., Inc.*, No. 5:23-CV-00339, 2024 WL 874136, at *3 (S.D.W. Va. Feb. 29, 2024) (quoting Syl. Pt. 9, *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619 (W. Va. 2002)).

"[W]hen the gist of the action doctrine is raised at the motion to dismiss state of the litigation, courts have exercised caution in granting such a motion 'because whether tort and contract claims are separate and distinct can be a factually intensive inquiry.'" *Randolph, Tr. of Roger K. Randolph Tr. v. Columbia Gas Transmission*, LLC, No. CV 3:23-00006, 2023 WL 5602316, at *3 (S.D.W. Va. Aug. 29, 2023) (quoting *Princeton Cmty. Hosp. Ass'n, Inc. v. Nuance Commc'ns, Inc.*, No. CV 1:19-00265, 2020 WL 1698363, at *6 (S.D.W. Va. Apr. 7, 2020)). Moreover, Rule 8(d)(2) expressly permits a plaintiff to plead alternative theories of recovery. Fed.

R. Civ. P. 8(d)(2). But "the question of whether a tort claim is barred by the gist of the action doctrine may be answered at the motion to dismiss stage if the plaintiff has not plausibly alleged a claim that could succeed independent of the plaintiff's success on the breach of contract claim." *Fruth Inc. v. Cardinal Health, Inc.*, No. CV 3:23-0801, 2024 WL 3236314, at *11 (S.D.W. Va. June 28, 2024).

Oak River has not alleged a claim that could succeed independent of success on the breach of contract claim. Indeed, Oak River writes that "[t]he particular legal question in this case is: When a tenant breaches a lease covenant requiring the tenant to repair and maintain the leased property, is the landlord limited to contract remedies, or may the landlord also recover for the tort of waste?" Pl.'s Resp. at 7, ECF No. 41.

Oak River relies on cases that are inapposite. For the idea that a duty to prevent waste exists independent of a lease, Oak River quotes a 1916 decision of the Supreme Court of Appeals involving a mineral lease and questions about an implied obligation to protect oil or gas resources from drainage through wells on adjacent lands. *Carper v. United Fuel Gas Co.*, 89 S.E. 12 (W. Va. 1916). Oak River also relies on a case involving partnership agreements alongside an independent fiduciary duty owed by majority shareholders. *Tri-State Petroleum Corp. v. Coyne*, 814 S.E.2d 205, 218 (W. Va. 2018) (explaining that majority shareholders would still owe a fiduciary duty to the minority shareholder regardless of the contracts at issue). Finally, Oak River relies on a case in the landlord-tenant context where a landlord alleged a tenant dumped hydrocarbons on the property, causing contamination, despite an obligation under state and federal law to dispose of hydrocarbons properly. *Big Brother & Holding Co., LLC v. Certified Pressure Testing, LLC*, No. 2:20-CV-41, 2022 WL 16857330, at *3 (N.D.W. Va. Nov. 10, 2022).

Oak River cannot point to a source of obligation outside of the lease because the duty to not waste the property arises out of the lease. In other words, the tort claims can only succeed if 7-Eleven breached the lease. Accordingly, Oak River's "Intentional Tort" and "Waste" claims are barred by the gist of the action doctrine.

## CONCLUSION

The Court **GRANTS** Defendant 7-Eleven, Inc's Motion to Dismiss Plaintiff's Waste and Intentional Tort Claim (ECF No. 35). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties

ENTER:   June 18, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE